Haweins J.,
delivered the opinion of the Court.
Woodey instituted suit before a Justice of the Peace, of Wayne County, against James Weatherspoon, James Montague and Dee Keaton, to recover damages for taking and converting tj their use, one horse, the property of the plaintiff.
The Justice rendered a judgment against the defendants, from which they appealed to the Circuit Court, where a trial was had, which resulted in a verdict and judgment in favor of the plaintiff. The defendant *150 moved for a new trial, which was refused, and thereupon they have appealed in error to this Court.
The proof set out in the record discloses, substantially this state of facts: The defendants who were at the time, Confederate soldiers, some time in the fall or winter of 1864, in company with a squad of Confederate soldiers, took the plaintiff’s horse, worth about $75, out of the lot and carried him off, and he had never been returned.
The defendant sought to justify under orders from officers in the Confederate Army.
The only error assigned in argument, arises upon the charge of the Court.
The Bill of exceptions cites, that: “The Court charged the jury among other things not excepted to, that it was insisted by the defendants, that they were soldiers in the employ of the Confederate Government, obeying the orders of their superior officers, and not liable for torts committed under such circumstances; the Court was of opinion and so instructed the jury, that there was no Confederate Government, and that, if they had acted under the immediate orders of General Hood, it would have been no protection to them; but they would be liable to the plaintiff, for torts to his property.”
The question presented in this case, has been so feequently before this Court, and has been so fully and elaborately considered, that it is unnecessary to say more, than that the rule of law, as applicable to the facts of this case, was stated with substantial accuracy by His Honor, the Circuit Judge. It has not been shown nor *151 insisted, there was existing at tbe time, any impending or urgent necessity for taking tbe property. If tbe orders of tbe officer, and circumstances by wbicb tbe defendants were surrounded, bad amounted to duress, under wbicb they were forced unwillingly to participate in tbe taking of tbe plaintiff’s borse, then they would not bave been liable; but there is no pretense for tbe assumption; nor has it been insisted that tbe defendants acted under any duress whatever.
Affirm tbe judgment.